UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF GREGORY DEON COLE,
by representative Greogry Davis,

Plaintiff,

v. Case No. 26-CV-1721

MELINDA BRAMAN et al.,

Defendants.

**ORDER**

Gregory Davis is currently incarcerated at Wisconsin Secure Program Facility. He has brought this 42 U.S.C. § 1983 action *pro se* as the representative of the Estate of Gregory Deon Cole, his son. Davis asserts that Defendants failed to prevent Cole's death during his incarceration and that Warden Melinda Braman failed to train staff and implemented policies that violated Cole's rights. It is unclear whether Davis is legally authorized to bring this lawsuit.

Federal courts look to state law to determine whether a 42 U.S.C. § 1983 claim survives the victim's death. *See Hutchinson on Behalf of Baker v. Spink*, 126 F.3d 895, 898 (7th Cir. 1997). Under Wisconsin law, actions for injuries sustained by a victim prior to his death must be brought by the decedent's personal representative to benefit the decedent's estate. *See* Wis. Stat. §§ 877.01; 895.01. Davis's complaint contains no allegations that there is an active estate or that he has been appointed the personal representative of the estate.

Even if there was an active estate and Davis was the personal representative, Davis cannot proceed *pro se* on behalf of the estate unless he is the sole beneficiary of the estate. "Although individuals have a right to proceed pro se, administrators do not act on behalf of themselves, but

on behalf of all of the beneficiaries of an estate. Consequently, if the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court." *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (citations omitted). Though Plaintiff alleges that he is his son's representative for all purposes of this civil action (ECF No. 1 at 1), the complaint contains no allegations that Davis is the sole beneficiary of the estate.

On or before **November 5, 2026**, Davis shall inform the Court, by filing on the docket, whether there is an active estate; whether Davis has been appointed the personal representative of the estate; and whether Davis is the sole beneficiary of the estate or there are other beneficiaries to the estate, such as Cole's mother or any children Cole may have. If Davis is not the sole beneficiary of Cole's estate, Davis must obtain legal counsel to represent the estate and counsel must file a notice of appearance in this case by **January 18, 2027**. Failure to comply with these directives will result in dismissal of this case without prejudice.

**SO ORDERED** at Green Bay, Wisconsin on October 7, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge