UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF GREGORY DEON COLE,
by Representative Gregory Davis,

Plaintiff,

v. Case No. 26-CV-1721

MELINDA BRAMAN et al.,

Defendants.

---

**ORDER**

---

Gregory Davis is currently incarcerated at Wisconsin Secure Program Facility. He has brought this 42 U.S.C. § 1983 action *pro se* as the representative of the Estate of Gregory Deon Cole, his son. Davis asserts that Defendants failed to prevent Cole's death during his incarceration at the Richard A. Handlon Correctional Facility in Michigan and that Warden Melinda Braman failed to train staff and implemented policies that violated Cole's rights.

On October 7, 2026, the Court questioned whether Davis was legally authorized to bring this lawsuit and ordered Davis to inform the Court whether there is an active estate; whether he has been appointed the personal representative of the estate; and whether Davis is the sole beneficiary of the estate. (ECF No. 7.) On October 19, 2026, Davis advised that there are no active estate proceedings but that he would be the sole beneficiary of an estate. (ECF No. 8.)

Under Wisconsin law, actions for injuries sustained by a victim prior to his death must be brought by the decedent's personal representative to benefit the decedent's estate. *See* Wis. Stat. §§ 877.01; 895.01. Davis has not demonstrated that he has been appointed the personal representative of his son's estate. Because Davis concedes that there is no active estate and that

he has not been appointed the personal representative of his son's estate by a probate court, he lacks the capacity to bring this action.

Even if Davis had the capacity to bring this action, venue in this district is not proper. When, as here, the Court's jurisdiction is not based solely on diversity of citizenship, 28 U.S.C. § 1391(b) applies to determine proper venue. That section provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In this case, all of the defendants reside and the events giving rise to the claims occurred in Michigan. As such, the proper venue for this action is in Michigan. For these reasons, the Court will dismiss this case without prejudice so Davis may attempt to be appointed as the personal representative of his son's estate or find counsel to represent the estate and file the action in the correct district, if he so chooses.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the agency having custody of Davis shall collect from his institution trust account the $326.67 balance of the filing fee by collecting monthly payments from Davis's prison trust account in an amount equal to 20% of the preceding month's income credited to Davis's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments

shall be clearly identified by the case name and number assigned to this action. If Davis is transferred to another institution, the transferring institution shall forward a copy of this order along with Davis's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Davis is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin on November 2, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge